**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| KATHERINE A. CURETON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. AW-09-334 |
| | * | |
| MONTGOMERY COUNTY BOARD | * | |
| OF EDUCATION | * | |
| | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM OPINION

Currently pending before the Court is Defendants' Montgomery County Board of Education ("MCBOE"), Stephen Bedford, Ann Kamenstein, Jeanette Dixon, Marc Cohen, John Haas, Susan Sloan, Jackie Butt, Jane Woodburn, Barbara Ahalt and Linda Kimmel Johnson's Motion to Dismiss (Doc. No. 34). The Plaintiff has not filed a response to either motion. The Court has reviewed the entire record, as well as the pleadings, with respect to the instant motion. The issues have been fully briefed, and no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated more fully below, the Court will GRANT IN PART and DENY IN PART Defendants' motion.

### FACTUAL AND PROCEDURAL BACKGROUND

The following facts have been taken from the Amended Complaint and are viewed in a light most favorable to Plaintiff. Cureton, a black woman, started working for the MCBOE as a substitute secondary school counselor in January 2004 and began permanent employment as a secondary school counselor by "open contract" in August 2004. She received positive evaluations for the 2005-2006 school year and gained tenure status.

1

She was injured at work on April 6, 2006 and filed a workmen's compensation claim in June 2006.  Near the end of September 2006, Cureton's doctor sent a medical clearance to the Office of the Director of Staffing and Recruitment that cleared her to return to work with work-related accommodations as of October 9, 2006.  The MCBOE denied her an accommodation-appropriate job, even though it knew of vacant or pending vacancies for secondary school counselors, and subsequently filled these positions with non-minority applicants.

Between November 2006 and July 1, 2007, Cureton's employment status was in flux. She took medical leave from mid-December 2006 until January 12, 2007, but on January 2, 2007, the MCBOE claimed her leave was unauthorized and threatened to terminate her from her position.  Cureton applied for a counselor position, but the MCBOE denied her application around January 1, 2007 and later filled the position with a non-minority woman.  The Director of Recruitment and Staffing told Cureton on May 10, 2007 that the Superintendent would not place her in a secondary counselor position until July 1, 2007.

Consequently, Cureton began working as an 8th grade teacher on March 13, 2007.  The school's principal, Marc Cohen ("Cohen"), a Caucasian man, gave her insufficient information to begin her employment, denied her ability to use the elevator on that day, and denied her request for an elevator key for subsequent use.  Cureton received further discriminatory remarks from other faculty, unfavorable observations, and accusations from teachers. She then filed a charge with the Equal Employment Opportunity Commission ("EEOC") on April 27, 2007 alleging racial discrimination and harassment.

From May 7 to June 30, 2007, Cureton returned to medical leave without pay and accepted a counselor position beginning July 1, 2007.  Cohen sent Cureton written reprimands from May 7 until June 15. On June 1, Cureton's new supervisor, Jeanette Dixon ("Dixon"),

requested she report to work on June 4.  The Chief Operating Officer and Superintendent then denied Cureton's request of an advance of personal illness hours on August 27, 2007 and September 15, 2007, but allowed her to take leave without pay for medical reasons during the 2007-08 school year.

Dixon allowed a non-disabled Caucasian female counselor to report to duty daily at 9:00 am, but required Cureton to report at 7:20 am and began to reprimand her for noncompliance on April 8, 2008.  On April 24, 2008, Dixon recommended Cureton for termination for insubordination and willful neglect of duty for not complying with the mandated reporting time, which Cureton did not discover until June 25, 2008.  Cureton then filed an additional EEOC charge on June 30, 2008 for retaliation.

The MCBOE held a hearing on August 15, 2008 as part of Cureton's termination proceedings. At this hearing, the MCBOE suspended Cureton without pay.[1] She subsequently filed another EEOC charge on August 19, 2008 for retaliation.

Cureton filed a Complaint on February 12, 2009 against Montgomery County Public Schools ("MCPS"), Montgomery County Education Association ("MCEA"), and the school officials,[2] (Doc. No. 1) and, at the Court's request, filed an Amended Complaint naming only the MCBOE. (Doc. No. 31).[3]  The school officials and MCBOE then filed a Motion to Dismiss. (Doc. No. 34). Cureton did not respond to the Motion.

---

[1] The Complaint does not specify the length of this suspension.

[2] The school officials are Stephen Bedford, Ann Kamenstein, Jeanette Dixon, Marc Cohen, John Haas, Susan Sloan, Jackie Butt, Jane Woodburn, Barbara Ahalt and Linda Kimmel Johnson.

[3] The Court's Memorandum Opinion and Order on the MPCS, MCEA and school officials' Motion to Dismiss dismissed all claims except the FMLA claim against the school officials. (Doc. Nos. 26 & 27).  The Order also allowed Cureton to amend her complaint to add the MCBOE as a party and specify the claims against it.

**STANDARD OF REVIEW**

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the plaintiff's complaint.  *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  Generally, a complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Nevertheless, the Supreme Court has directed courts that "Rule 8 still requires a 'showing,'" of "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007).

In its determination, the Court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff.  *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999).  The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).  In sum, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555 (citations omitted).

Federal Rule of Civil Procedure 10(b) requires that all averments be made in numbered paragraphs, and the contents of each are to be limited to a statement of a single set of circumstances.  In addition, each claim founded upon a separate transaction or occurrence must be stated in a separate count, "whenever a separation facilitates the clear presentation of the

matter set forth." Fed. R. Civ. P. 10(b).  The rule is designed to improve the intelligibility of the pleadings.

## ANALYSIS

Complaints filed by *pro se* plaintiffs are "to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)  (citation omitted).  The Fourth Circuit has also held that "[a] district court is not required to act as an advocate for a *pro se* litigant; but when such a litigant has alleged a cause of action which may be meritorious . . . the district court should . . . advise him how to proceed and direct or permit amendment of the pleadings." *Gordon v. Leeke*, 574 F.2d 1147, 1152-53 (4th Cir. 1978).

> **I.     Motion to Dismiss Claims Against the School Officials**

Defendants Stephen Bedford, Ann Kamenstein, Jeanette Dixon, Marc Cohen, John Haas, Susan Sloan, Jackie Butt, Jane Woodburn, Barbara Ahalt and Linda Kimmel Johnson ("school officials") were parties to the original complaint. (Doc. No. 1). The individual Defendants argue that because Cureton has not named them as Defendants in the Amended Complaint, they are not parties to the current lawsuit.

The Fourth Circuit has held that when a plaintiff does not include claims against a party in an amended complaint, the unnamed parties are automatically dismissed from the action, and thus any pending motion to dismiss by those parties is moot. *See Young v. City of Mt. Rainer*, 238 F.3d 567, 573 (4th Cir. 2001).  Plaintiff's Amended Complaint does not name the individual Defendants as parties to the lawsuit, and as a consequence, those previously but now unnamed parties have been dismissed.  (Doc. No. 31).  Their Motion to Dismiss is therefore denied as moot.

**II.** **Motion to Dismiss Claims Against MCBOE**

MCBOE argues that the Court should dismiss all claims against it because Plaintiff has failed to comply with the "short and plain statement" requirement of Rule 8(a)(2) and "separate numbered paragraphs and counts" requirement of 10(b). Even though Cureton has not specified the claims against Defendant MCBOE, as requested in this Court's previous Memorandum Opinion, and has not numbered all of her paragraphs, her failure to strictly comply with the Court Order and Rules 8 and 10 is not solely dispositive of her claim. Given the liberal standard applied to complaints filed by *pro se* plaintiffs, her failure to fully comply with Rules 8 and 10 will be excused if there is a cognizable legal theory and factual basis for her claims. *See Gordon*, 574 F.2d at 1151 ("pleadings should not be scrutinized with such technical nicety that a meritorious claim should be defeated").

In her Amended Complaint, Cureton asserts the following claims: Title VII sex and racial discrimination, retaliation for filing an EEOC charge, racially hostile work environment, disability discrimination in violation of the ADA, and interference under the FMLA. The Court finds Cureton has sufficiently pled facts for a claim of Title VII racial discrimination, retaliation for filing an EEOC charge, and for an FMLA claim, but the other claims are dismissed.

**A.** **Title VII Sex and Race Discrimination**

Title VII prohibits employers from discriminating against employees in hiring, firing, compensation, or terms, conditions or privileges of employment due to race, color, religion, sex or national origin. 42 U.S.C. §2000e-2 (2006). A Title VII claim requires a plaintiff to show "(1) she is a member of a protected class; (2) she suffered adverse employment action; (3) she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by

similarly qualified applicants outside the protected class." *Hill v. Lockheed Martin Logistics Mgmt.*, 354 F.3d 277, 285 (4th Cir. 2004). An adverse employment action is a discriminatory act which "adversely affects 'the terms, conditions, or benefits' of the plaintiff's employment." *James v. Booz-Allen Hamilton, Inc.*, 368 F.3d 371, 375 (4th Cir. 2004).

A plaintiff seeking to file suit under Title VII of the Civil Rights Act must first file a charge of discrimination with the EEOC. *Jones v. Calvert Group*, 551 F.3d 297, 300 (4th Cir. 2009). In *Jones v. Calvert Group*, the Fourth Circuit held that a plaintiff who did not allege age, sex, or race discrimination in an EEOC charge had not exhausted the administrative remedies with respect to any claims based upon age, sex, or racial discrimination. *Jones*, 551 F.3d at 301.

Cureton has sufficiently pled factual allegations for her claim of race discrimination to survive a motion to dismiss.  Cureton is a member of a protected class as a black woman. She alleges she suffered an adverse employment action, in that she applied for and was denied a counselor position. According to her pleadings, she was performing her job duties at a level that met her employer's expectation as she received positive evaluations in 2006. Finally, she alleges the position she applied for was subsequently filled by someone outside the protected class, a Caucasian woman.

Cureton has not pled sufficient facts to make out a claim of sex discrimination, however, as she has not exhausted her administrative remedies on this issue. Copies of Cureton's EEOC charges are included in Defendant Montgomery County Public School's Motion to Dismiss. (Doc. No. 11, Attach. 1).  Cureton's EEOC charges were based on racial discrimination and retaliation, not sex discrimination. Accordingly, Cureton cannot now bring claims under Title VII for sex discrimination, as she failed to exhaust administrative remedies.

**B.      Retaliation for Filing an EEOC Charge**

To make a successful retaliation claim, Plaintiff must plead that (1) she engaged in protected conduct; (2) a reasonable employee would have found the challenged action materially adverse; and (3) the protected conduct was causally connected to the adverse action.  *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).  Materially adverse means "it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* Causation requires showing that the adverse employment action took place "because of" the protected activity. *Dowe v. Total Action Against Poverty*, 145 F.3d 653, 657 (4th Cir. 1998).

Cureton's retaliation claims appear to be based upon allegations of sexual harassment, her recommendation for termination and her eventual suspension without pay. Cureton filed her first EEOC charge on April 27, 2007. Cureton alleges the retaliatory animus of Dixon's sexual harassment began on July 1, 2007 and continued throughout the entire school year.  Cureton alleges that throughout the year Dixon called Cureton into her office with a number of pretexts, but with the actual purpose of staring at her breasts. Cureton also alleges Dixon emailed her inappropriately commenting on her breasts, on August 31, 2007. This alleged sexual harassment does not rise to the level of material adversity required for the second element of a retaliation claim.  Moreover, there is no causal connection between the original EEOC charge of April 27, 2007 and her alleged wrongful suspension on August 15, 2008. Thus, her retaliation claim based on sexual harassment or suspension after her EEOC charge of April 27, 2007 fails as a matter of law.

Cureton filed a harassment complaint with her Union after being reprimanded by Dixon twice on April 11, 2008. On May 1, 2008, the Union filed an administrative complaint on her

behalf, based upon the harassment complaint. Title VII only addresses discrimination predicated upon race, sex, religion, and national origin. *Id.* Cureton has not pled or indicated that Cureton's actions on April 11, 2008 were motivated by race, sex, religion or national origin, but rather that they were insensitive, disrespectful, and harassing. (Compl. ¶ 61; Doc. 20, Ex. 2). Therefore, neither her harassment complaint nor the resulting administrative complaint qualifies as protected conduct. Cureton additionally has pled that she contacted her union representative to ask about the sexual harassment policy in March 2008. However, the pleadings do not indicate or suggest that she filed a formal sexual harassment complaint. She cannot allege retaliation based on the April 11, 2008 complaint.

Cureton filed another EEOC charge on June 30, 2008. The MCBOE subsequently suspended her without pay on August 15, 2008. Cureton has successfully pled the first two elements of a retaliation claim based on this incident— that she engaged in protected conduct and that the MCBOE took a materially adverse employment action against her. Cureton has not pled any facts directly showing a causal connection and attempts to indirectly establish a causal connection. The MCBOE suspended Cureton six weeks after she engaged in the protected conduct. When the adverse action occurs "very close" to the filing of the EEOC charge, the Court can infer a causal connection between the two events. *See, e.g.*, *Silva v. Bowie State Univ.*, 172 F. App'x 476, 478 (4th Cir. 2006) (holding that a ten-week lapse of time sufficiently established a causal connection to survive a motion to dismiss). Accordingly, the Court can infer that the MCBOE suspended Cureton because of her engagement in protected activity. Cureton has therefore set forth a claim for retaliation based on her EEOC charge on June 30, 2008 and her suspension on August 15, 2008.

###### C.      Racially Hostile Work Environment

Cureton also alleges the MCBOE created a racially hostile work environment. A claim of hostile work environment requires a plaintiff to show "that (1) she experienced unwelcome harassment; (2) the harassment was based on her gender, race, or age; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive work environment; and (4) there is some basis for imposing liability on the employer." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). Factors used to determine if a work environment is hostile or abusive include the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift System*, 510 U.S. 17, 23 (1993).

Cureton has not pled sufficient pervasiveness of hostility for a hostile work environment claim. Even viewing the seven incidents she alleges as harassment — the principal spoke to her in a rude tone and did not provide her materials for a transition, four false accusations, discriminatory remarks by faculty on one occasion,[4] and no access to a work email server — in the totality of the circumstances, the incidents are not sufficiently severe to create an abusive work environment. Therefore, Cureton has failed to sufficiently plead a claim for racially hostile work environment.

###### D.      ADA Violation

A plaintiff seeking to file suit under the Age Discrimination Act ("ADA"), or Age Discrimination in Employment Act ("ADEA") must first file a charge of discrimination with the EEOC. *Jones v. Calvert Group*, 551 F.3d 297, 300 (4th Cir. 2009); *see supra* p. 7. Cureton did

---

[4] The remark was that Cureton should leave an initial team meaning out of respect for the substitute.

not file a charge of age discrimination with the EEOC. Therefore, she cannot now allege a violation of the ADA as she has failed to exhaust administrative remedies on this issue.

### E.    FMLA Claim

The FMLA requires employers to grant employees leave for a serious health condition. 29 U.S.C. §2612(a)(1)(D). A serious health condition is defined as "an illness, injury, impairment, or physical or mental condition that involves inpatient care in a hospital . . . or continuing treatment by a health care provider." 29 U.S.C. § 2611.

An interference claim under the FMLA requires an employee to plead that "(1) she was an eligible employee; (2) her employer was covered by the statute; (3) she was entitled to leave under the FMLA; (4) she gave her employer adequate notice of her intention to take leave; and (5) the employer denied her FMLA benefits to which she was entitled." *Rodriguez v. Smithfield Packing Co.*, *Inc.,* 545 F. Supp. 2d 508, 516 (D. Md. 2008).

In order to be entitled to leave under the FMLA, Cureton needs to plead that she had a serious health condition "that involves inpatient care in a hospital . . . or continuing treatment by a health care provider." 29 U.S.C. § 2611. *See Vasconcellos v. Cybex Int'l, Inc.*, 962 F. Supp. 701, 705-06 (D. Md. 1997) (holding that where a serious medical condition has been alleged, a motion to dismiss should be denied).  Nowhere in her complaint has Cureton noted a condition which required inpatient care at a hospital, though she has indicated that she had continuing treatment by a health care provider until the end of October 2006. Cureton also alleges she received ongoing medical treatment until April 2007.  Moreover, in April 2007, the MCBOE allegedly denied her reduced leave schedule. Thus, she makes out an FMLA claim as to the April 2007 incident, but does not plead sufficient facts to make out an FMLA claim based on any other incident.

**CONCLUSION**

For the foregoing reasons, the Court will DENY AS MOOT the school officials' motion to dismiss and GRANT IN PART and DENY IN PART MCBOE's Motion to Dismiss.

Her Title VII sex discrimination claim, racially hostile work environment claim, ADA violation claim, and her retaliation claims against the MCBOE based on sexual harassment after the filing of an EEOC charge on April 27, 2007, and recommendation for termination after filing a Union Complaint on May 1, 2008, are dismissed. Cureton's claims against the MCBOE for discrimination on the basis of race, retaliation based on her suspension after filing an EEOC charge on June 30, 2008, and interference under the FMLA remain.[5]

    November 18, 2009                                      /s/
               Date                                         Alexander Williams, Jr.
                                               United States District Judge

---

[5] The Court urges Plaintiff to secure counsel. While Plaintiff may have survived the pleading stage, she must understand that surviving a motion for summary judgment, should one be filed, may be more difficult.